**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| STEPHANIE GORDON,<br><br>            Plaintiff,<br><br>vs.<br><br>CLARK COUNTY COMMISSIONER MARILYN KIRKPATRICK, et al.,<br><br>            Defendant. | Case No. 2:22-cv-00508-JAD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); JUDICIAL REVIEW (ECF NO. 1-2) |

Pro se plaintiff Stephanie Gordon filed an application to proceed in forma pauperis (IFP) and a document titled "Judicial Review." ECF Nos. 1 and 1-2. I liberally interpret Gordon's "Judicial Review" document as her proposed complaint since she did not attach a complaint to her IFP application. ECF No. 1-2. I grant Gordon's IFP application, but I dismiss her complaint without prejudice with leave to amend.

## DISCUSSION

Gordon's filings present two questions: (1) whether Gordon may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Gordon's complaint states a plausible claim for relief.

**I.**  **Whether Gordon May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff states in her

affidavit that she has no money and has been homeless since 2018. ECF No. 1. I grant plaintiff's IFP application.

## II.     Whether Gordon's Complaint States a Plausible Claim

### a. Legal Standard

Because I grant Gordon's IFP application, I must review Gordon's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).

The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).  The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards

2

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      **b. Plaintiff's "Judicial Review"**

Plaintiff did not file a complaint in this case, but she did file a document called a "Judicial Review." I liberally construe plaintiff's "Judicial Review" document as her complaint. She does not bring any formal "claims" against defendants Clark County Commissioner Marilyn Kirkpatrick and Clark County Manager, Yolanda King.

She alleges that she applied for financial assistance from "administrative services" but she was "bounced from office to office, ALL claiming nobody handles it." ECF No. 1-2 at 1 (emphasis in original). She also alleges that the defendants "do NOT care" that she recently had COVID-19 and that someone stole her backpack that had her medications in it while she was in the emergency room. *Id.* (emphasis in original). She argues that the defendants "don't feel anybody but themselves has (sic) a right to their own property, clean clothes, able to get/go anywhere, be able to buy the simplest things like bath soap, toothpaste, shampoo/conditioner, laundry detergent, ect…[.]" *Id.* at 2. She also alleges that the defendants, "do not feel a person has the right to see their Dr. of choice, want people to see THEIR Dr.'s, and control every aspect of an individual's existence." *Id.* (emphasis in original). She also states that, "[t]here is forth coming litigation coming on a variety of fronts." *Id.*

While it sounds like the plaintiff is struggling in a difficult situation, given that she is homeless and had her backpack stolen at the emergency room, I do not understand what claims plaintiff is attempting to bring against the named defendants, even under the liberal pleading standard. Plaintiff has

3

failed to draft a complaint that gives each defendant fair notice of plaintiff's claims and the grounds upon which they rest per Rule 8. Even though plaintiff is pro se, she must still follow Federal Rule of Civil Procedure 8(a)(2) and draft a complaint (not a document titled Judicial Review) that shows what legal claims she brings against the defendants and showing that she is entitled to relief.

I note that plaintiff states in her IFP application that she has a, [c]urrent pending case: 2:22-cv-00182-APG-BNW, **more forthcoming**." ECF No. 1 at 4 (emphasis added). I warn plaintiff that her actions in this Court are boarding on vexatious, given that she has filed at least twelve other actions in this Court, the majority of which have been dismissed. Plaintiff states in her filings in this case that she intends to file more lawsuits. I warn plaintiff that if she continues to file lawsuits where she fails to state a claim, sanctions will be imposed, including but not limited to declaring her a vexatious litigant.[1] I will give her an opportunity to amend. I dismiss her complaint without prejudice.

ACCORDINGLY,

I ORDER that Gordon's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that Gordon's complaint (ECF No. 1-2) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Gordon has until  Wednesday, April 27, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the

---

[1] "A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 28th day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5